**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00488-CV**

_____

**IN RE COMMITMENT OF KEVIN ALLEN SPEED**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-03-03280 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit appellant Kevin Allen Speed as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). A jury found that Speed is a sexually violent predator, and the trial court signed a final judgment and an order of civil commitment. In his sole appellate issue, Speed challenges the trial court's decision to permit a psychiatrist to evaluate him without his counsel present and the admission of testimony from that psychiatrist at trial. We affirm the trial court's judgment and order of civil commitment.

1

Speed argues that the post-petition interview by Dr. David Self without Speed's attorney present violated his right to counsel. Speed also contends that because the trial court permitted Self to examine Speed without Speed's attorney present, the trial court's subsequent admission of Self's testimony at trial over Speed's attorney's objection was erroneous. After Speed filed his initial brief, we decided *In re Commitment of Smith*, No. 09-13-00100-CV, 2014 WL 333374, ___ S.W.3d ___ (Tex. App.—Beaumont Jan. 23, 2014, pet. denied) (not yet released for publication). In *Smith*, we were presented with the issue of whether the appellant was entitled to have counsel present during his post-petition examination by a psychiatrist, and we concluded that "neither the SVP statute nor the Fourteenth Amendment require[s] that counsel be present during a psychiatrist's post-petition examination." *Id*. at *3.

For the same reasons explained in *Smith*, we conclude that Speed was not entitled to have counsel present during his post-petition examination by psychiatrist Dr. Self. *See id*. Because the evaluation by Dr. Self did not violate Speed's right to counsel, the trial court's admission of Self's testimony was likewise not erroneous. *See generally id*. We overrule Speed's sole issue and affirm the trial court's judgment and order of civil commitment.

2

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 14, 2014
Opinion Delivered April 24, 2014

Before McKeithen, C.J., Horton and Johnson, JJ.